[No. 45662-1-II.   Division Two.   December 15, 2015.]

THE STATE OF WASHINGTON, *Respondent*, v. MATTHEW DELANO GIPSON, *Appellant*.

*Lise Ellner*, for appellant.

*Tina Robinson*, *Prosecuting Attorney*, and *Randall A. Sutton*, *Deputy*, for respondent.

¶1 LEE, J. — Matthew Delano Gipson appeals his convictions for two counts of third degree assault and one count of attempting to disarm a police officer. Gipson also appeals his exceptional sentence, which is based on the aggravating factor that he committed one of the assaults against a public official in retaliation for the official's performance of his duties to the criminal justice system. Gipson argues that (1) the trial court violated his constitutional rights to confront adverse witnesses and to present a defense by restricting his cross-examination of several State wit-

nesses, and (2) the "public official" aggravator does not apply to an assault of a law enforcement officer.

¶2 In the published portion of this opinion, we hold that the trial court erred in imposing an exceptional sentence because a law enforcement officer is not a public official under the exceptional sentencing provisions of the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW. Although this issue is moot because Gipson has served his sentence, we address its merits because it is an issue of continuing and public interest that is likely to recur.[1] In the unpublished portion of the opinion, we hold that the trial court did not violate Gipson's right to confront adverse witnesses or to present a defense.[2] The trial court properly limited Gipson's cross-examination of the State's witnesses to relevant evidence that fell within the scope of their direct examinations and Gipson introduced most of the evidence excluded on cross-examination during his case in chief. We affirm the convictions.

## FACTS

¶3 After a fight broke out in the women's bathroom in a crowded Port Orchard tavern, the police were called. William Bentley, the bouncer, detained Alicia Maxwell and turned her over to the police. Maxwell's boyfriend, George Fortin, became upset, and Officers Erik Wofford, Josh Horsley, and Steven Morrison detained him as well.

¶4 Gipson was a close friend of Fortin's and went into a rage when he saw Fortin being handcuffed. Bentley tried to calm him, and Officer Wofford repeatedly told Gipson to stop yelling and to leave. When Gipson instead addressed

---

[1] Gipson was released from prison before the appellant's brief was filed on November 19, 2014, and completed his community custody term on October 6, 2015.

[2] Gipson's appeal of his convictions is not moot because of the "adverse collateral legal consequences" that follow Gipson's convictions. *Sibron v. New York*, 392 U.S. 40, 55, 88 S. Ct. 1889, 20 L. Ed. 2d 917 (1968).

Officer Wofford directly and came toward him, Officer Wofford told Gipson that he was under arrest.

¶5 Officers Wofford and Horsley tried to handcuff Gipson, but Gipson resisted. Officer Wofford took Gipson to the ground, and Gipson spun around to face the officer. Gipson had his fists clenched and, according to Officer Wofford, punched the officer in the face. When Officer Horsley intervened, Gipson tried to punch him as well. Gipson then reached for Officer Wofford's gun. Officer Wofford yelled for help, and Officer Morrison used his Taser on Gipson until the officers could handcuff him.

¶6 The State charged Gipson with two counts of third degree assault, based on his altercations with Officers Wofford and Horsley, and with attempting to disarm a police officer. The information alleged that the assault on Officer Wofford was aggravated by the fact that Gipson committed it against a public official in retaliation for the official's performance of his duty in the criminal justice system.

¶7 The jury found Gipson guilty as charged. The jury also found by special verdict that in assaulting Officer Wofford, Gipson retaliated against a public official performing his duties on behalf of the criminal justice system.

¶8 At sentencing, the defense argued that there was no legal basis for an exceptional sentence, but the trial court disagreed. The trial court imposed an exceptional sentence of 16 months on count I and ran the other standard range sentences concurrently. Gipson appeals his exceptional sentence.

## ANALYSIS

¶9 Gipson argues that the trial court erred in imposing an exceptional sentence on count I, the assault against Officer Wofford. We agree.

¶10 We note initially that Gipson has served his sentence and the accompanying term of community cus-

tody; therefore, this issue is moot. *See State v. Ross*, 152 Wn.2d 220, 228, 95 P.3d 1225 (2004) (case is moot if court can no longer provide meaningful relief). But if a case presents an issue of continuing and public interest that is likely to recur, we may reach its merits to provide guidance to lower courts. *State v. Rodriguez*, 183 Wn. App. 947, 952, 335 P.3d 448 (2014), *review denied*, 182 Wn.2d 1022 (2015). There is a continuing and substantial public interest in ensuring that aggravated exceptional sentences are legally justified. *See* RCW 9.94A.585(4) (setting forth statutory scheme for appellate review of exceptional sentences). Because this issue is likely to recur, we address its merits to provide guidance.

■ ¶11 The trial court imposed an exceptional sentence after the jury found that the "public official" aggravator in RCW 9.94A.535(3)(x) was satisfied. The issue here is whether a law enforcement officer is a public official under RCW 9.94A.535(3)(x). We review this question of law de novo. *State v. Womac*, 160 Wn.2d 643, 649, 160 P.3d 40 (2007).

■ ¶12 Under RCW 9.94A.535(3)(x), a sentence above the standard range is justified if "[t]he defendant committed the offense against a public official or officer of the court in retaliation of the public official's performance of his or her duty to the criminal justice system." The SRA does not define the term "public official," but the comment to the pattern jury instruction for the "public official" aggravator cites the definition of "public officer" in the criminal code. 11A Washington Practice: Washington Pattern Jury Instructions: Criminal 300.33 cmt. at 747 (3d ed. 2008) (WPIC). The criminal code defines a "public officer" as

> a person holding office under a city, county, or state government, or the federal government who performs a public function and in so doing is vested with the exercise of some sovereign power of government, and includes all assistants, deputies, clerks, and employees of any public officer and all

persons lawfully exercising or assuming to exercise any of the powers or duties of a public officer.

RCW 9A.04.110(13).

¶13 A separate definition in the criminal code refers to law enforcement officers. RCW 9A.04.110(15) defines a "peace officer" as "a duly appointed city, county, or state law enforcement officer." The comment to the pattern instruction for the "public official" aggravator does not cite this definition.

¶14 Gipson argues that the express inclusion of law enforcement officers within the definition of peace officers means that law enforcement officers are not public officers or public officials. *See State v. Jackson*, 137 Wn.2d 712, 724, 976 P.2d 1229 (1999) (where legislature uses certain statutory language in one instance and different language in another, there is a difference in legislative intent). The fact that a separate aggravator expressly refers to law enforcement officers supports Gipson's argument.

¶15 RCW 9.94A.535(3)(v) allows a trial court to impose an exceptional sentence if the jury finds that

[t]he offense was committed against a law enforcement officer who was performing his or her official duties at the time of the offense, the offender knew that the victim was a law enforcement officer, and the victim's status as a law enforcement officer is not an element of the offense.

The comment to the pattern instruction for this "law enforcement" aggravator explains that it was designed to codify existing common law aggravating factors. WPIC 300.31 cmt. at 744. "Under the common law, this aggravating circumstance supports an exceptional sentence in assault and attempted homicide cases in which the victim's status as a police officer is not already an element that increases the severity of the crime." *Id.*

¶16 In this case, the "law enforcement" aggravator does not apply because Officer Wofford's status as a police

officer is an element of the third degree assault charge. Clerk's Papers at 90; *see State v. Ferguson*, 142 Wn.2d 631, 647-48, 15 P.3d 1271 (2001) (exceptional sentence is not justified by reference to facts that constitute elements of offense). We are persuaded that Officer Wofford's status as a police officer also renders the "public official" aggravator inapplicable to Gipson's offense. Here again, the legislature's use of different language in RCW 9.94A.535(3)(v) and (x) shows that the legislature intended these aggravators to apply to different categories of people. Because neither the criminal code nor the SRA supports the trial court's reasoning that law enforcement officers are public officials to which the aggravator in RCW 9.94A.535(3)(x) applies, the trial court erred in imposing an exceptional sentence based on the public official aggravator.

¶17  A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

WORSWICK and SUTTON, JJ., concur.

Review denied at 185 Wn.2d 1028 (2016).